UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DHRUBA SHRESTHA,<br><br>        Plaintiff,<br><br>SUBASH ADHIKARI *individually and* d/b/a SAPPHIRE DISCOUNT MART, 99 CENTS STORES OF JAMAICA, INC. and SAVE MART 1055, INC.,<br><br>        Defendants. | Civil Action No. 1:18-cv-7566<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Dhruba Shrestha, by his attorneys, The Legal Aid Society and White & Case LLP, brings this complaint against the defendants named in the above caption (collectively, "Defendants") upon information and belief.

## NATURE OF THE ACTION

1. Plaintiff Dhruba Shrestha ("Plaintiff") brings this action to recover damages and other relief as a result of Defendants' failure to pay him minimum wage and overtime wages, failure to notify him of his right to the minimum wage and overtime pay, and for assault and battery against him.

2. During the period Plaintiff was employed by Defendants, Defendants violated provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Laws ("NYLL") by failing to: (a) pay Plaintiff both (i) the required minimum wage for hours worked and (ii) the required rate for hours worked overtime, (b) provide Plaintiff with the notices required and pay-stubs, (c) pay Plaintiff the required premiums for the spread of his working hours and (d) illegally

retaliating against Plaintiff by terminating his employment when he sought payment of what was due to him. Defendant Adhikari also was guilty of assault and battery upon Plaintiff.

3. Contemporaneously, with the commencement of this action, Plaintiff has served a copy of this Complaint upon the Office of the Attorney General of the State of New York in compliance with NYLL Section 215 (2)(b).

## JURISDICTION

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims under the FLSA, 29 U.S.C. §§ 201-219, because these claims arise under United States statutes.

5. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367 because those claims are so closely related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

7. Plaintiff Dhruba Shrestha is a resident of the County of Queens in the City and State of New York.

8. Defendant Subash Adhikari ("Defendant Adhikari") is a resident of the County of Queens in the City and State of New York. Upon information and belief, Defendant Adhikari has an ownership interest in each of the other defendants, including the entity doing business as Sapphire Discount Mart.

9. At all times relevant Plaintiff performed his duties and worked under the supervision and direction of Defendant Adhikari.

10. Sapphire Discount Mart is a grocery/convenience store which conducts business in the County, City and State of New York (hereinafter the "Manhattan location").

11. 99 Cents Store of Jamaica Inc. is a corporation incorporated in the State of New York and conducts business selling merchandise in the County of Queens, City and State of New York (hereinafter the "Jamaica location").

12. Save Mart 1055, Inc. is a corporation incorporated in the State of New York and conducts business selling merchandise in the County of Queens, City and State of New York (hereinafter the "Far Rockaway location").

13. Defendants 99 Cents Store of Jamaica, Inc., Save Mart 1055, Inc. and the business known as Sapphire Discount Mart are described herein as "Defendant Stores".

14. At all relevant times, Defendant Stores were an enterprise engaged in commerce within the meaning of the FLSA in that they (a) had employees engaged in commerce or in the production of goods for commerce, or who handled, sold, or otherwise worked on goods or materials that were moved in or produced for commerce and (b) collectively had an annual gross volume of sales of not less than $500,000.

## FACTUAL ALLEGATIONS

### PLAINTIFF'S MINIMUM WAGE, OVERTIME, AND NOTICE CLAIMS

*a.  Plaintiff's Work for Defendants*

15. Plaintiff worked as a stock clerk at Defendant Stores at multiple locations from approximately April to September 2017 and from approximately October 8, 2017 to October 25, 2017.

16. Plaintiff's job responsibilities included store arrangement, loading and unloading store products, cashier and other tasks related to the operations of the Defendant Stores.

17. From on or about April 1, 2017 to June 2017, Plaintiff was employed at the Far Rockaway location at the request and under the direct supervision of Defendant Adhikari.

18. From on or about June 2017 to October 25, 2017, Plaintiff was employed at the Manhattan, Jamaica and Far Rockaway locations at the request of and under the direct supervision of Defendant Adhikari.

19. At all relevant times, Defendant Stores employed a staff of more than ten employees.

b. *Plaintiff's Pay and Hours*

20. During his employment by Defendants, Plaintiff generally worked six days per week from Monday to Saturday, from 9 AM to 8 or 9 PM, with a lunch break of 20-30 minutes. His shifts were more than 10 hours per day. Plaintiff worked approximately 68 hours per week.

21. Under NYLL minimum wage and overtime wage requirements, Plaintiff's hourly minimum wage pay rate should have been $11.00, and his overtime rate should have been $16.50. 12 NYCRR § 142-2.1-2.2.

22. Under NYLL's requirements, Plaintiff should have received one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage for any day in which the length of the interval between the beginning and end of his workday exceeded 10 hours. 12 NYCRR § 142-2.4.

23. Plaintiff was paid only $400 per week in cash from about April 2017 to September 23, 2017 and $331 total in cash from about October 8, 2017 to October 25, 2017. This amounts to less than $6.00 per hour from about April 2017 to September 23, 2017 and less than $2.00 per hour

from October 8, 2017 to October 25, 2017; nor did Plaintiff ever receive pay at what should have been his overtime rate.

    c.    *Notice and Pay Stub violations*

24. Defendants did not provide Plaintiff with any written notice describing his right to receive minimum wages and overtime pay; nor did Defendants request that Plaintiff provide them with written acknowledgement of having received any such notice.

25. During the period of Plaintiff's employment with Defendants, Defendants did not post or circulate to him any notices regarding the right of employees to receive minimum wages or overtime pay.

26. During the period of Plaintiff's employment with Defendants, Defendants failed to provide Plaintiff with pay stubs as required by law.

## PLAINTIFF'S BATTERY, ASSAULT, AND RETALIATION CLAIMS

27. During the evening of October 25, 2017 at the Manhattan location, Plaintiff requested remaining unpaid wages from Defendant Adhikari for work done from on or about October 8, 2017 to October 25, 2017.  Plaintiff had been paid only $331 for work done in October 2017.

28. In response and without provocation by Plaintiff, Defendant Adhikari assaulted and battered Plaintiff by punching and kicking his legs.

29. As a consequence of the foregoing assault and battery, Plaintiff (a) was constructively terminated from his employment by Defendants and (b) suffered emotional and physical harm and injury.

## FIRST CLAIM:  MINIMUM WAGES UNDER FLSA
### Against All Defendants

30. Plaintiff realleges all preceding paragraphs.

31. Defendants are all Plaintiff's employers within the meaning of the FLSA.

32. Plaintiff was employed by Defendants from on or about April 1, 2017 to on or about September 23, 2017 and thereafter from on or about October 8, 2017 until the constructive termination of his employment on October 25, 2017.

33. At all relevant times, Plaintiff was an employee engaged in commerce within the meaning of the FLSA.

34. At all relevant times, Defendant Stores were enterprises engaged in commerce within the meaning of the FLSA in that they (a) had employees engaged in commerce or in the production of goods for commerce, or who handled, sold, or otherwise worked on goods or materials that were moved in or produced for commerce by any person; and (b) collectively had an annual gross volume of sales of not less than $500,000.

35. At all relevant times, the federal minimum wage was $7.25 per hour.

36. Defendants knowingly, willfully and intentionally failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of the FLSA, 29 U.S.C. § 206(a).

37. Defendants knowingly, willfully and intentionally failed to maintain accurate records and failed to account for all hours Plaintiff worked.

38. Accordingly, pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to recover from Defendant his unpaid minimum wages, liquidated damages, and his reasonable attorneys' fees and costs of the action.

## SECOND CLAIM:  MINIMUM WAGE UNDER NYLL

### Against All Defendants

39. Plaintiff realleges all preceding paragraphs.

40. Throughout the period that Plaintiff was employed by Defendants, Plaintiff was Defendants' employee and Defendants were Plaintiff's employers within the meaning of the NYLL. §§ 190(2)-(3), 651(5)-(6).

41. During Plaintiff's employment from April to October 2017, the New York State minimum wage in New York City for employers with more than 10 employees was $11.00 per hour.

42. Defendants knowingly, willfully and intentionally failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of the NYLL and implementing regulations, including but not limited to NYLL § 62 and 12 NYCRR § 142-2.1.

43. Defendants knowingly, willfully and intentionally failed to maintain accurate records and failed to account for all hours Plaintiff worked as they were required to do by law. NYLL § 661.

44. Accordingly, pursuant to NYLL § 663, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, pre-judgment interest, and his reasonable attorneys' fees and costs of the action.

### THIRD CLAIM: OVERTIME WAGES UNDER FLSA

**Against All Defendants**

45. Plaintiff realleges all preceding paragraphs.

46. Plaintiff repeatedly worked in excess of 40 hours per week from April to October 2017.

47. Throughout the period Plaintiff worked for Defendants, Defendants failed to pay his overtime wages at a rate of at least one and one-half times the regular rate of pay for each hour worked in excess of 40 hours per work week, in violation of the FLSA, 29 U.S.C. § 207.

48. Defendants knowingly, willfully and intentionally failed to pay Plaintiff his overtime wages he worked in excess of 40 hours in a week.

49. Accordingly, pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, and his reasonable attorneys' fees and costs of the action.

### FOURTH CLAIM:  OVERTIME WAGES UNDER NYLL

#### Against All Defendants

50. Plaintiff realleges all preceding paragraphs.

51. Plaintiff regularly worked in excess of 40 hours each week beginning from April to October 2017.

52. Defendants knowingly, willfully and intentionally failed to pay Plaintiff overtime wages at a rate of at least one and one-half times the regular rate of pay, or at a minimum, one and one-half times the minimum wage for each hour worked in excess of 40 hours per work week, in violation of the NYLL and implementing regulations, including but not limited to NYLL § 652 and 12 NYCRR § 142-2.2.

53. Accordingly, pursuant to NYLL § 663, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, prejudgment interest, and his reasonable attorneys' fees and costs of the action.

### FIFTH CLAIM:  FAILURE TO PAY SPREAD-OF-HOURS PREMIUMS

#### Against All Defendants

54. Plaintiff realleges all preceding paragraphs.

55. Plaintiff had workdays that regularly exceeded 10 hours in length beginning from April to October 2017.

56. Defendants knowingly, willfully and intentionally failed to pay Plaintiff the spread-of-hours premium required by 12 NYCRR § 142-3.4.

57. Accordingly, pursuant to 12 NYCRR § 142-3.4, Plaintiff is entitled to an award of an extra hour's pay for every day that he worked in excess of 10 hours, liquidated damages, prejudgment interest, attorneys' fees and costs.

### SIXTH CLAIM: ILLEGAL RETALIATION FOR EXERCISING FLSA RIGHTS

**Against All Defendants**

58. Plaintiff realleges all preceding paragraphs.

59. On October 25, 2017, Plaintiff complained to Defendant Adhikari regarding his failure to pay wages due to Plaintiff. In response, Defendant Adhikari physically assaulted and battered the Plaintiff and refused to pay his legally entitled to wages.

60. Defendants willfully and deliberately retaliated against Plaintiff by acting in such a manner and constructively terminated his employment.

61. As a result of Defendants' retaliation, Plaintiff suffered loss of past and future wages and emotional and physical distress, and is entitled to recover from Defendants back pay, front pay, compensatory and punitive damages, liquidated damages as well as attorneys' fees and costs.

### SEVENTH CLAIM: ILLEGAL RETALIATION FOR EXERCISING NYLL RIGHTS

**Against All Defendants**

62. Plaintiff realleges all preceding paragraphs.

63. On October 25, 2017, Plaintiff complained to Defendant Adhikari regarding his failure to pay Plaintiff his wages. In response, Defendant Adhikari physically assaulted and battered Plaintiff and refused to pay his legally entitled wages.

64. Defendants willfully and deliberately retaliated against Plaintiff by acting in such a manner and constructively terminated his employment.

65. As a result of Defendants' retaliation, Plaintiff suffered loss of past and future wages and emotional and physical distress, and is entitled to recover from Defendants back pay, front pay, liquidated damages as well as attorneys' fees and costs, including prejudgment interest.

### EIGHTH CLAIM:  FAILURE TO PROVIDE NOTICE OF HIRE UNDER NYLL

### Against All Defendants

66. Plaintiff realleges all preceding paragraphs.

67. During the relevant period, employers were required to provide employees, at the time of hire, written notice containing rates of pay and other allowances in accordance to NYLL Art. 6 §191.  Employers were also required to obtain from employees written acknowledgment that such notice was provided.  NYLL § 195(1).

68. Defendants failed to provide Plaintiff with a requisite written notice at the time of his hire, or at any other time during the period of his employment, and failed to obtain written acknowledgment from Plaintiff of such notice, in violation of NYLL § 195(1).

69. Pursuant to NYLL § 198(1-b) for failure to provide notice as required, Plaintiff is entitled to recover from Defendants damages of $50 per work day for the duration of Defendants' violation of NYLL § 195(3), up to $5,000 and his reasonable attorneys' fees and cost of the action.

### NINTH CLAIM:  FAILURE TO PROVIDE PAY STUBS UNDER NYLL

### Against All Defendants

70. Plaintiff realleges all preceding paragraphs.

71. During the relevant period, employers were required to provide to their employees a written statement with every payment of wages, listing the dates of work covered by that payment

of wages and any allowances, if any, claimed as part of the minimum wage and net wages. N.Y.L.L. § 195(3).

72. Defendants failed to provide Plaintiff with the requisite written statement of wages or accurate pay stubs with every payment of wages during the period of his employment.

73. Pursuant to NYLL § 198(1-d) for failure to provide a written statement of wages as required, Plaintiff is entitled to recover from Defendants damages of $250 per work day for the duration of Defendants' violation of NYLL § 195(3), up to $5,000 and his reasonable attorneys' fees and cost of the action.

## TENTH CLAIM:  ASSAULT UNDER NEW YORK COMMON LAW

### Against Defendant Adhikari

74. Plaintiff realleges all preceding paragraphs.

75. Defendant Adhikari intentionally placed Plaintiff in fear of an imminent battery on his person on October 25, 2017, when Defendant Adhikari raised his fist in a threatening manner, before punching Plaintiff in the head and neck, without provocation by Plaintiff.

76. This conduct was wrongful and offensive in that a reasonable person would apprehend an imminent battery under such circumstances.

77. Defendant Adhikari's actions were intentional, willful and wanton in that he had personal knowledge to a substantial certainty that an apprehension of an imminent battery would result from his actions.

78. The conduct alleged caused emotional injury to Plaintiff.

## ELEVENTH CLAIM:  BATTERY UNDER NEW YORK COMMON LAW

### Against Defendant Adhikari

79. Plaintiff realleges all preceding paragraphs.

80. Defendant Adhikari intentionally, offensively, willfully and wrongfully physically hit Plaintiff without his consent on October 25, 2017, when Defendant Adhikari punched Plaintiff in the head and neck without provocation by Plaintiff.

81. This conduct resulted in physical injury to Plaintiff's head and neck and emotional injury to Plaintiff.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in his favor and against Defendants, declaring as to Defendants that their conduct and acts complained of herein to be in violation of the FLSA, NYLL and the respective regulations thereunder and granting as to Plaintiff:

a. unpaid minimum wages due under the FLSA and NYLL;

b. unpaid overtime wages due under the FLSA and NYLL;

c. unpaid spread-of-hours premium under the NYLL;

d. legal and equitable relief for Plaintiff's retaliatory termination under the FLSA and NYLL;

e. damages for violations of the notice and pay stub requirements of the NYLL;

f. liquidated damages pursuant to the FLSA and NYLL;

g. pre-judgment interest;

h. the costs of this action, together with reasonable attorneys' fees and costs;

    i.      general damages for assault and battery under New York common law;

    j.      punitive damages for assault and battery under New York common law; and

    k.      such other and further relief as the Court considers just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.


Dated:   August 20, 2018
           New York, New York

By: /s/ Sumani Lanka
THE LEGAL AID SOCIETY
Adriene Holder, Attorney-in-Charge, Civil Practice
Karen Cacace, Director, Employment Law Unit
Sumani Lanka, Staff Attorney, Employment Law Unit
Philip Schaeffer, Of Counsel
199 Water Street, 3rd Floor
New York, New York 10038
Telephone:  212-577-3314
SVLanka@legal-aid.org

WHITE & CASE LLP
Kenneth A. Caruso
Claire Lashley
Yue Wang
1221 Avenue of the Americas
New York, New York 10020-1095
Telephone:  212-819-8200
kenneth.caruso@whitecase.com
claire.lashley@whitecase.com
ada.wang@whitecase.com